Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3651 | **DATE** | October 24, 2001 |
| **CASE TITLE** | US v. Edward Keith McNeal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Edward Keith McNeal's petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [ ] is denied. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 30 2001 | |
| | Docketing to mail notices. | | | 9 |
| X | Mail AO 450 form. | 01 OCT 30 PM 4: 21 | docketing deputy initials | |
| | Copy to _____ | | | |
| | | | date mailed notice | |
| | KAM | courtroom deputy's initials | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

01-3651.011-JCD                                          October 24, 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,                )
                                 )
        v.                       )    No. 01 C 3651
                                 )
EDWARD KEITH McNEAL,             )
                                 )
        Defendant.                )

## MEMORANDUM OPINION

Edward Keith McNeal was convicted in this court in 1994 on Count One of a three-count indictment, which charged him with conspiring to possess with the intent to distribute quantities of cocaine base (crack cocaine) and heroin. He was sentenced to a 360-month term of imprisonment. The Seventh Circuit affirmed his conviction and sentence. United States v. McNeil, No. 95-1438, 1996 WL 47447 (7th Cir. Feb. 5, 1996) (unpublished opinion).[1] McNeal has now filed a pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the petition is denied.

McNeal argues that he is entitled to collateral relief because the court erred with respect to the drug conviction, in light of the Seventh Circuit's recent decision in United States v. Nance,

---

[1] Apparently, petitioner used a different spelling of his last name on direct appeal.

236 F.3d 820 (7th Cir. 2000), which implemented <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Specifically, McNeal contends that he was denied his right to have the drug amount charged in the indictment.

## **<u>Retroactivity</u>**

The government contends that McNeal's petition fails because <u>Apprendi</u> does not apply retroactively to cases on collateral review. We agree. The Seventh Circuit has declined to apply <u>Apprendi</u> retroactively to such cases, absent a directive from the Supreme Court. See <u>Ashley v. United States</u>, No. 01-1733, 2001 WL 1085010, at *3 (7th Cir. 2001) (noting that no Courts of Appeals have held that <u>Apprendi</u> is retroactive on collateral attack and that the Fourth, Eighth, and Ninth Circuits have held that it is not retroactive); <u>United States v. Smith</u>, 241 F.3d 546, 549 (7th Cir. 2001) (stating that the Supreme Court has not held that <u>Apprendi</u> is retroactively applicable on collateral review and noting that "few constitutional arguments apply retroactively on collateral attack even if properly preserved"); <u>Talbott v. Indiana</u>, 226 F.3d 866, 869 (7th Cir. 2000) (urging prisoners not to bring collateral attacks based on <u>Apprendi</u> until the Supreme Court declares that it applies retroactively). Our colleagues in this district have also declined to apply <u>Apprendi</u> retroactively on collateral review. See, e.g., <u>Rodriguez v. United States</u>, Nos. 00 C 3735, 92 CR 322, 92 CR 323, 2001 WL 863581, at *1 (N.D. Ill. July

13, 2001); United States v. Scurlock, No. 97 C 8348, 2001 U.S. Dist. LEXIS 8496, at *4 (N.D. Ill. June 19, 2001); Lambert v. United States, No. 01 C 1066, 2001 WL 686814, at *3 (N.D. Ill. June 15, 2001).

McNeal attempts to avoid the Apprendi retroactivity problem by recasting his claim as one under Nance and not Apprendi. It is clear, however, that the basis for McNeal's petition is indeed Apprendi. The crux of his argument is the new constitutional right recognized in Apprendi that any fact, other than prior conviction, that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt, see Apprendi, 530 U.S. at 490. Nance merely applied the Apprendi precedent to a particular fact setting; it did not newly recognize a constitutional right. Moreover, Nance does not authorize a petition pursuant to § 2255 ¶ 6(3) because that provision speaks of a right that is newly recognized "by the Supreme Court" only and no other courts.

### Cause and Prejudice

Even if Apprendi were retroactively applicable on collateral review, McNeal's petition would fail because he did not raise an Apprendi-type argument at trial or on appeal, and could not establish "cause and prejudice" for failing to do so. See Ashley, 2001 WL 1085010, at *4 (7th Cir. 2001) (stating that "the retroactivity of Apprendi does not matter" "unless [petitioner] can

justify his failure to raise the question on direct appeal by demonstrating cause and prejudice"). This "cause and prejudice" standard is more rigorous than the "plain error" standard used on direct review (and in Nance). See United States v. Frady, 456 U.S. 152, 170 (1982).

"Cause" means that some outside impediment prevented the petitioner from making an argument at trial or on direct appeal. See Smith, 241 F.3d at 548. Furthermore, although the lack of any reasonable basis for a claim may constitute cause, the novelty of a legal rule is not cause. See Garrott v. United States, 238 F.3d 903, 905 (7th Cir. 2001). "[E]ven when the law is against a contention, a litigant must make the argument to preserve it for later consideration." Smith, 241 F.3d at 548. The Seventh Circuit has found that other defendants and prisoners have been making Apprendi-type arguments for years. See id.; Garrott, 238 F.3d at 905-06. Here, McNeal could have made such an argument, and he does not contend that any outside force impeded his legal defense. Thus, he cannot show cause.

McNeal appears to argue that ineffective assistance of counsel constitutes cause for not seeking relief earlier on this claim. Under the two-prong test for ineffective assistance of counsel, a defendant must show both that (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that such performance would have altered the

outcome. See Strickland v. Washington, 466 U.S. 668, 687 (1984). McNeal asserts that his counsel was ineffective because he failed to request that the court instruct the jury that it must find a specific drug quantity. Essentially, this is an argument that his counsel should have anticipated the Apprendi decision, and the Seventh Circuit has held that such an argument is meritless because "'[t]he Sixth Amendment does not require counsel to forecast changes or advances in the law.'" Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001) (quoting Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993)); see also Smith, 241 F.3d at 548 ("Nor does [movant] contend that counsel was ineffective for failure to anticipate Apprendi; no such argument would be tenable."). Therefore, we are unwilling to find that defense counsel's failure to make an Apprendi-type argument fell below an objective standard of reasonableness so as to satisfy the first Strickland prong.[2]

McNeal likely could not meet the similarly steep hurdle of showing prejudice, either. In order to do so, he would have to establish that no reasonable jury could have found the quantity of drugs necessary to support his sentence. See Garrott, 238 F.3d at 905. This would be extremely difficult for McNeal to prove because

---

[2] We recognize that the dissent from the denial of rehearing en banc in Smith noted that as a result, a possible inconsistency is created because prisoners are penalized with a procedural default for failing to make an Apprendi-type argument on appeal, but cannot claim ineffective assistance of counsel for failing to anticipate Apprendi. See United States v. Smith, 250 F.3d 1073 (7th Cir. 2001) (dissent from denial of rehearing en banc); see also United States v. Casas, No. 01 C 1848, 2001 WL 1002511, at *3 n.6 (N.D. Ill. Aug. 30, 2001) (Aspen, C.J.) (acknowledging the possible inconsistency).

the government presented evidence that the conspiracy in which McNeal participated involved 141.5 grams of heroin and 305 grams of cocaine base. As the Seventh Circuit noted on direct appeal, even if the court had sentenced McNeal based solely on the amount of cocaine base involved and not on the amount of heroin, he would have received the same sentence, and the 305 grams of cocaine base is well in excess of the 50 grams required to support the sentence. See 21 U.S.C. §§ 846, 841(b)(1)(A)(iii). In addition, McNeal does not claim or demonstrate that he is actually innocent of the drug charges so that denying collateral review would result in a fundamental miscarriage of justice.

Thus, even if Apprendi applied retroactively to collateral attacks, McNeal's § 2255 claim would be barred because he could not show the "cause and prejudice" necessary to excuse his procedural default. Accordingly, McNeal's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

DATE:        October 24, 2001

ENTER:

John F. Grady, United States District Judge